UNITED STATES of America,
Plaintiff,

v.

Edward BONTKOWSKI, Defendant.

No. 97 CR 295.

United States District Court,
N.D. Illinois,
Eastern Division.

April 26, 1999.

Brian Douglas Sieve, Geoffrey J. Moul, Kirkland & Ellis, Chicago, IL, Federal Defender Program, Paul Bradley, Attorney at Law, Chicago, IL, for Edward Bontkowski, defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Edward Bontkowski's pretrial motions and the government's motions for reciprocal discovery are granted in part and denied in part as set forth in this order.

*Defendant's Motions*

*1. Motion for Disclosure of Impeaching and Exculpatory Information*

Pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), Mr. Bontkowski requests an order requiring the government to disclose impeaching and exculpatory information. The government has stated that it is aware of its obligations under *Brady* and *Giglio,* and that it has and will continue to comply

with those obligations. Therefore Mr. Bontkowski's general request for *Brady* and *Giglio* material is denied as moot. The government is reminded that any doubt as to whether disclosure is required must be resolved in favor of Mr. Bontkowski. Mr. Bontkowski has also made numerous "specific" requests of information, many of which are actually requests for general impeachment material. In response to these requests, the government is ordered to produce material impeachment evidence of which the government has knowledge that tends to undermine the credibility of government witnesses, including information indicating that Mr. Bontkowsi was not involved in criminal activity; information relating to alcoholism, drug use, or psychiatric history of witnesses; promises of rewards, leniency, or favorable treatment to witnesses; things of value given to witnesses in exchange for their testimony; consequences of not testifying communicated to witnesses; information regarding polygraph examinations of witnesses relating to their testimony; identification of witnesses who are on probation, parole, or are eligible for clemency or pardon; information regarding prior convictions and pending criminal proceedings involving witnesses, and any known bias or prejudice of witnesses towards Mr. Bontkowski.

### 2. Motion for Preservation and Production of Notes of Agents and Attorneys

Mr. Bontkowski requests an order requiring all government agents to retain their investigative notes of all transactions and matters relating to the indictment. The motion is granted to the extent that the government is ordered to instruct all government agents involved in this case to preserve their notes relating to interviews and investigative activities. Insofar as the motion requests the government to produce such notes when complying with possible future defense requests pursuant to *Brady* or 18 U.S.C. § 3500, such request is denied as premature and as overbroad pursuant to Fed.R.Crim.P. 16(a)(2), FedR. CrimP. 26–2, and 18 U.S.C. § 3500.

### 3. Motion for Production of Witness List and All Materials, Including Witness Statements, Prior to Trial

The government is not required to provide Mr. Bontkowski with a list of all potential witnesses. *United States v. Napue*, 834 F.2d 1311, 1317 (7th Cir.1987) (collecting cases). In addition, the government is not required to provide Mr. Bontkowski with witness statements prior to the time that the witness testifies. *Id.* at 1318; 18 U.S.C. § 3500. The motion for production of a witness list and witness statements prior to trial is therefore denied. Nonetheless the government has produced § 3500 material, and agrees to continue to produce such material by five days before trial. As for other *Brady* and *Giglio* material, the government states that it has produced and will continue to produce any such material.

### 4. Motion to Suppress Statements

Mr. Bontkowski moves to suppress statements that he allegedly made to a pretrial service officer regarding income he received during one of the years for which he is indicted. The government responds that it does not intend to use these statements at trial, and therefore the motion is denied as moot.

### 5. Defendant's Motion to Dismiss Counts 7 – 20 of the Second Superseding Indictment

Mr. Bontkowski moves to dismiss counts 7 – 20 for failing properly to allege the crimes charged. "An indictment is constitutionally sufficient and satisfies Fed.R.Crim.P. 7(c)(1) if it states the elements of the crime charged, informs the defendant of the nature of the charge so she may prepare a defense, and enables the defendant to plead the judgment as a bar against future prosecutions for the same offense." *United States v. Agostino*, 132 F.3d 1183, 1189 (7th Cir.1997) Counts 7 – 20 charge Mr. Bontkowsi with mail and wire fraud under 18 U.S.C. § 1341 and 18 U.S.C. § 1343. Counts 7 and 17 set forth

the details of the schemes to defraud. Counts 8 – 16 and 18 – 20 incorporate those allegations and further allege that Mr. Bontkowsi, on particular dates, and for the purpose of executing a scheme to defraud, knowingly caused certain communications to be transmitted by mail, wire, and radio. I agree with the government that the language in the indictment "tracks the language of the statutes in sufficient detail to leave no question of the nature of the charges." *United States v. Ocampo*, 890 F.2d 1363, 1373 (7th Cir.1989). Therefore the motion to dismiss counts 7 – 20 is denied.

### 6. Motion to Dismiss Counts 1 – 6, and Count 22, as Barred by the Statute of Limitations

█ Mr. Bontkowski moves to dismiss counts 1 – 6 and count 22 of the indictment as barred by the statute of limitations. Mr. Bontkowski admits that he signed five statute of limitation waivers. The waivers, signed by Mr. Bontkowski and his previous attorney, clearly state that no promises, representations, or inducements of any kind were made to Mr. Bontkowski or to his attorney. According to Mr. Bontkowski, the waivers are nonetheless invalid because they were obtained as a result of the government fraudulently representing to his attorney, William J. Stevens, that the government had not yet decided whether to indict Mr. Bontkowski. Mr. Bontkowski has submitted an affidavit by Mr. Stevens stating that when he advised Mr. Bontkowski to sign the waivers, the government represented to him that it had not yet made a decision whether to indict. Mr. Bontkowski requests an evidentiary hearing on the validity of the waivers.

In *United States v. Heidecke*, 900 F.2d 1155 (7th Cir.1990), the defendant alleged that when he signed a statute of limitations waiver, the government misrepresented to him that a decision whether to indict had not been reached. The court stated that if the defendant's allegations were true, "he might have a case that his waiver was not knowing and voluntary." *Id.* at 1161. In an evidentiary hearing, however,

the district court found that a final decision to indict was not made until after the waiver was signed, and that no misrepresentations were made by the government. *Id.* The Seventh Circuit upheld these findings. *Id.* at 1161–62. In response to Mr. Bontkowski's allegations, the government states that it did not have authorization to charge Mr. Bontkowski on the advance fee loan scheme in counts 1 – 6 until September 12, 1996. On this date Mr. Bontkowski signed his fourth waiver, and on December 4 he signed his fifth waiver. Mr. Bontkowski was indicted on counts 1 – 7 on April 29, 1997.

If the government decided to charge Mr. Bontkowski on September 12, 1996, Mr. Steven's affidavit raises the possibility that Mr. Bontkowski could have signed his fourth and fifth waivers based on misrepresentations by the government regarding whether a decision had been made to indict him on the advance loan scheme. Therefore Mr. Bontkowski's motion for an evidentiary hearing on this issue is granted. The government states that authorization to seek the tax charge in count 22 was not obtained until June 1998, after Mr. Bontkowski signed his final waiver. The government may present this evidence as well at the evidentiary hearing, to be held on April 30 at 2:00 p.m.

### 7. Motion for Leave to File Additional Pretrial Motions

Mr. Bontkowski's motion for leave to file additional pretrial motions is granted.

### Government's Motion for Reciprocal Discovery

The government's request to require Mr. Bontkowski immediately to make available material expressly covered by Fed.R.Crim.P. 16(b) and Local Rule 2.04 is granted. This includes evidence that Mr. Bontkowski intends to mark as an exhibit at trial, and reports of examinations and tests that Mr. Bontkowsi intends to use at trial. The government is reminded of its own duty of reciprocal discovery. Mr. Bontkowski is also ordered to give notice

..

of alibi pursuant to Rule 12.1, within 2 days, given the imminent trial date. In addition, if Mr. Bontkowski intends to introduce expert evidence relating to a mental defect or condition bearing on the issue of guilt, he must notify the government within 2 days. Fed.R.Crim.P. 12.2. The government's request for Mr. Bontkowski to produce statements of defense witnesses is denied. Neither the government nor Mr. Bontkowski is required under the Rules to make such disclosures until after completion of direct examination, although both parties may voluntarily agree to do so.